STATE of Maine

v.

Von Dean CARNEY.

Supreme Judicial Court of Maine.

Aug. 29, 1978.

---

John E. Welch, Dist. Atty., Richard L. Rhoda (orally), Asst. Dist. Atty., Houlton, for plaintiff.

Jordan & Goodridge by Donald H. Goodridge (orally), Philip K. Jordan, Houlton, for defendant.

Before McKUSICK, C. J., and POMEROY, WERNICK, ARCHIBALD, DELAHANTY and GODFREY, JJ.

DELAHANTY, Justice.

The defendant appeals from a decision of the Superior Court, Aroostook County, finding him to be in violation of the conditions of his probation and ordering him returned to custody. 17–A M.R.S.A. § 1206. He argues that his waiver of counsel was involuntary and therefore violative of the Sixth Amendment of the Constitution of the United States and that the finding of guilt was against the weight of the evidence. We deny the appeal.

On June 20, 1977, the defendant entered a plea of guilty in Superior Court, Aroostook County, to an indictment charging him with gross sexual misconduct. The plea was accepted, and the defendant was sentenced to two years' imprisonment with all but sixty days of the sentence suspended and was placed on probation for the balance of the two-year term. Two of the conditions attached to the sentence of probation were that the defendant refrain from 1) "criminal conduct" and 2) "excessive use of

alcohol." Both conditions are specifically authorized by 17–A M.R.S.A. § 1204.

On September 3, 1977, shortly after the sixty-day sentence had expired, the defendant was arrested by police and later charged with operating a motor vehicle "at a time when his license . . . to operate ha[d] been suspended," 29 M.R.S.A. § 2184, and with operating a motor vehicle while under the influence of intoxicating liquor, 29 M.R.S.A. § 1312. On September 14, 1977, the defendant, having apparently waived the assistance of counsel, pled guilty to both counts and was sentenced to ten days in the county jail for operating under suspension and thirty days for operating under the influence. Significantly, it appears that no record of the plea-taking proceeding was made.

Later in September, the Division of Probation and Parole (Division) took steps to revoke the defendant's probation. A preliminary hearing was held on September 16, 1977, and the hearing officer found probable cause to believe that the conditions of probation had been violated. Accordingly, the Division filed a motion in the Superior Court, Aroostook County, asking that the defendant's probation be revoked. The Superior Court, after a hearing held on October 5, 1977 pursuant to 17–A M.R.S.A. § 1206, granted the motion and ordered the defendant to serve out the remainder of his two-year term. The court found that the defendant had violated the conditions of his probation by 1) engaging in criminal conduct and 2) using alcohol to excess. The defendant then undertook this appeal.

█ The defendant's initial argument is that his waiver of counsel at the plea-taking proceeding was involuntary. The defendant claims that the probation officer, who was present in the courtroom at the time the defendant entered his pleas, had an affirmative duty to warn the defendant that his probation status might be affected adversely by convictions of the crimes

charged and that the officer failed to provide this information.[1] He also claims that the court, at the plea taking, was constitutionally required to provide this information. It is Carney's position that the failure either by the court or by the probation officer to make the defendant aware of these consequences rendered his waiver of counsel involuntary and therefore void.

A matter less appropriate for appellate review cannot easily be imagined. There is no record of the September 14 plea taking, and no effort has been made by the defendant to reconstruct one. He has not attacked the convictions of September 14 either by appeal or by any other means. At the § 1206 hearing held on October 5, the defendant had the opportunity to question his probation officer—the only witness—about the matter, but he chose instead to focus on unrelated issues. Finally, defense counsel's argument at the close of the hearing bears no mention of the claim now presented. The defendant thus seeks to introduce a new issue on appeal. We have consistently refused to pass on issues raised on appeal unless they have been properly developed below. *Casco Bay Lines v. Public Utilities Commission*, Me., 390 A.2d 483 (1978) (failure to object to PUC rate analysis precludes review); *National Advertising Co. v. Inhabitants of York*, Me., 345 A.2d 512 (1975) (failure to file timely objections to referee's report precludes review); *Reville v. Reville*, Me., 289 A.2d 695, 697 (1972) (waiver principle controlling "notwithstanding that the issue pertains to an alleged violation of the Constitution of the United States"); *Frost v. Lucey*, Me., 231 A.2d 441, 445 (1967) (failure to assert either estoppel or laches until appeal deemed a waiver). *See also State v. Pomerleau*, Me., 363 A.2d 692, 696–97 (1976). The waiver principle was succinctly summed up by the *Reville* Court:

> The general rule governing proper appellate procedure is that a party who seeks to raise an issue for the first time at the

---

1. The defendant nowhere asserts that he was in fact unaware of the consequences of his guilty pleas, and he did not contradict the testimony of his probation officer at the § 1206 hearing to

the effect that he, the defendant, was warned at the initial probation conference that he was to obey the laws of the State and to refrain from excessive use of alcohol.

appellate level is held, in legal effect, to have "waived" the issue insofar as he utilizes it to attack a judgment already entered and from which an appeal is taken; therefore, appellate review will be denied to such question. 289 A.2d at 697. Although exceptions are occasionally made, *see Walsh v. City of Brewer*, Me., 315 A.2d 200 (1974) (lack of subject matter jurisdiction), we find no reason to relax the familiar rule in this case.

■ Concerning the defendant's other argument, little need be said. The presiding Justice had ample justification based on the evidence for his finding that the defendant had broken the conditions of his probation by engaging in criminal conduct, and accordingly his decision was not against the weight of the evidence. The defendant had entered guilty pleas to two criminal offenses. Operating under suspension carries a not insignificant maximum penalty of a six-month jail term coupled with a $500 fine; operating under the influence carries a similarly stiff maximum penalty of ninety days' imprisonment coupled with a $1,000 fine.

■ While conceding that these offenses constitute criminal conduct, the defendant argues that his probation should not have been revoked upon the commission of what he characterizes as "traffic offenses." The maximum penalties reflect significant determinations by the Legislature of the seriousness of these offenses. These are not akin to mere traffic infractions, and we are satisfied that the defendant's two misdemeanors fall well within the definition of "criminal conduct."

It is clear from the record that the presiding Justice found sufficient evidence to revoke the defendant's probation on the "criminal conduct" ground as well as on the "excessive use of alcohol" ground. Finding the "criminal conduct" ground well supported by the evidence, we have no occasion to reach the question, answered in the affirmative by the Superior Court, of whether the defendant's conviction for operating under the influence of alcohol indicates a per se violation of the "excessive use of alcohol"

condition of his probation. Accordingly, we intimate no opinion on that issue.

The entry is:

Appeal denied.

Judgment affirmed.

NICHOLS, J., did not sit.