STATE of Maine

v.

Peter B. THOMAS.

Supreme Judicial Court of Maine.

Argued Jan. 7, 1988.
Decided March 8, 1988.

Paul Aranson, Dist. Atty., Anne B. Judd (orally), Asst. Dist. Atty., Portland, for plaintiff.

Murrough H. O'Brien (orally), Portland, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN and SCOLNIK, JJ.

ROBERTS, Justice.

Peter B. Thomas appeals from an order of the Superior Court, Cumberland County, finding him in violation of a condition of his probation and revoking his probation pursuant to 17–A M.R.S.A. § 1206 (1983 & Supp.1987). We address only the question whether the absence of any adequate notice to Thomas of his probationary status renders the revocation invalid. We conclude that it does and therefore vacate the order of revocation.

On October 4, 1985, Thomas was sentenced to one year in the custody of the Department of Corrections with all but thirty days suspended and probation for one year. The judgment reflects that the thirty days were to be served in the county jail and that the period of probation would commence upon completion of the unsuspended term. Execution of the entire sentence was suspended pending appeal. On April 8, 1986, we affirmed the conviction. *State v. Thomas,* 507 A.2d 1051 (Me.1986); *see State v. Thomas,* 488 A.2d 939 (Me. 1985) (Mem. Dec.). Thomas commenced service of the unsuspended thirty days on April 10, 1986. Based on an uncharged crime allegedly committed on September 8, 1986, Thomas was served with a summons for violation of probation on April 13, 1987. The next day Thomas was given a copy of the conditions of his probation.

Thomas argues that the lack of notice of the conditions of his probation prior to the alleged violation compels vacation of the order of revocation. The State counters by pointing to the last clause of 17–A M.R. S.A. § 1204(1) (Supp.1987) that states: "provided that in every case it shall be a condition of probation that the convicted person refrain from criminal conduct." We do not decide whether that statutory requirement constitutes sufficient notice that a violation of criminal law may result in a revocation of probation. Instead, we must confront, in this instance, the question whether Thomas had adequate notice of the commencement of the period of probation.

The rights of probationers and the interest of the State are best served when there exists a clear record of the date of commencement of, and necessarily the date of the termination of, a period of probation. In addition, the probationer must have notice that he is on probation. On the record before us, the only notice to Thomas as to the commencement of the period of probation consisted of a passing comment of the trial justice during the sentencing on October 4, 1985 that "there will be a period of probation for one year following that sentence." That oral statement of the justice was ambiguous and Thomas was not given a copy of the judgment and commitment. We conclude, therefore, that Thomas was not informed that the period of probation would commence immediately after completion of the 30 day jail term. It was not until April 13, 1987, nearly one year after Thomas had completed his jail sentence, that he first had contact with a probation officer and received a copy of the judgment and conditions of probation. Notably, Thomas's first contact with the probation system occurred *after* he was charged with violating the terms of his probation.

The Maine Constitution provides that "[n]o person shall be deprived of life, liberty or property without due process of law...." Me. Const. art. I, § 6–A. We recognize that a person's constitutional interest in personal liberty may be diminished as a result of a criminal conviction. *See Colson v. State*, 498 A.2d 585, 587 (Me. 1985) *cert. den.* 475 U.S. 1036, 106 S.Ct. 1245, 89 L.Ed.2d 354 (1986). Nevertheless, basic fairness dictates that a probationer be aware of the rules governing probationary status and that a probationer be aware of the date of commencement and termination of the period of probation. We conclude, therefore, that because the record reflects that Thomas did not receive adequate notice as to the commencement of his probationary status, he cannot be found to have violated that status.

The entry is:

Order of revocation of probation vacated.

Remanded with direction to dismiss the motion for revocation of probation.

All concurring.