STATE of Maine

v.

Martin J. COMER.

Supreme Judicial Court of Maine.

Submitted on Briefs Jan. 9, 1992.

Decided Jan. 30, 1992.

R. Christopher Almy, Dist. Atty., Bangor, for the State.

John D. Bunker, Paine, Lynch & Harris, Bangor, for defendant.

Before McKUSICK, C.J., and WATHEN, GLASSMAN, CLIFFORD and COLLINS, JJ.

COLLINS, Justice.

Martin Comer (defendant) appeals from Superior Court decision (Penobscot County, *Smith, J.*), revoking his probation. Defendant argues that the record does not contain sufficient evidence of excessive use of intoxicating liquor to support the revocation of probation and that the condition of probation forbidding excessive use of alcohol is unconstitutionally vague.

In June, 1991, the State moved to revoke defendant's probation. At the revocation hearing the State presented the testimony of several witnesses who testified that they had either observed defendant drinking alcohol or behaving as if he were under the influence. The Superior Court found that defendant had consumed excessive amounts of intoxicating liquor and revoked his probation. This appeal followed.

I

Whether a violation has occurred, and if so, if it is excusable, is a question of fact and the trial court's findings will stand unless clearly erroneous. *State v. Maier*, 423 A.2d 235, 240 (Me.1980). The Superior Court found that defendant had consumed excessive amounts of alcohol. The court's finding was based on the testimony of several witnesses, all of whom witnessed the defendant either consuming alcohol, buying alcohol, or behaving as if he were under

the influence of alcohol. The Superior Court's conclusion that defendant was violating a condition of probation finds ample support in the record.

## II

■ The legality of the probationary condition was subject to review on defendant's first appeal and he failed to challenge it. Not only did defendant previously bring a direct appeal of the underlying conviction, he also applied to the Law Court to allow an appeal of his sentence. Because the defendant has previously maintained a direct appeal of the underlying conviction and resulting sentence, *State v. Comer*, 584 A.2d 638 (Me.1990), principles of *res judicata* bar a second appeal challenging the legality of a condition of probation. *State v. Smith*, 560 A.2d 1093, 1094 (Me.1989).

The entry is:

Judgment affirmed.

All concurring.