**STATE of Maine**

v.

**Wayne KNIFFIN.**

Supreme Judicial Court of Maine.

Submitted on Briefs Jan. 21, 1992.
Decided Feb. 25, 1992.

R. Christopher Almy, Dist. Atty., Jeffrey Silverstein, Asst. Dist. Atty., Bangor, for the State.

Mark A. Perry, Archer, Perry & Jordan, P.A., Brewer, for defendant.

Before McKUSICK, C.J., and WATHEN, GLASSMAN, CLIFFORD and COLLINS, JJ.

CLIFFORD, J.

Defendant Wayne Kniffin appeals from an order entered by the Superior Court (Penobscot County, *Kravchuk, J.*) revoking his probation and vacating the suspension of execution on the entire unserved portion of his underlying sentence. 17–A M.R.S.A. § 1206(7), (7–A) (Supp.1991). Though Kniffin contends otherwise, we discern no error or abuse of discretion by the revocation court and, therefore, affirm the order of probation revocation and, as modified, the imposition of the sentence.

In June 1990, Kniffin was convicted of criminal threatening with a dangerous weapon (Class C), 17–A M.R.S.A. § 209 (1983), in Superior Court (Penobscot County, *Beaulieu, J.*), and was sentenced to five years' imprisonment, all but one year suspended, and four years' probation.[1] A con-

---

1. Kniffin did not seek leave to appeal this sen-   tence until May 21, 1991. His application for

dition of probation, acknowledged by Kniffin, was that he refrain from further criminal conduct.

In January 1991, not long after he was released from jail, Kniffin was arrested for operating a motor vehicle while under the influence of intoxicating liquor, operating after suspension, and failure to stop for a police officer. After entering pleas of guilty, Kniffin was convicted and sentenced by the District Court (Waterville, *Russell, J.*) to a total of 184 days, all but 14 days suspended, with one year of probation. A condition of this probation was that the defendant refrain from the possession or use of alcohol. In March 1991, Lewiston police officers found Kniffin in an extremely intoxicated state.

Kniffin's probation officer filed a summons and a motion for probation revocation in Superior Court. *See* 17–A M.R.S.A. § 1205 (1983 & Supp.1991). A revocation hearing was held and Kniffin was found to be in violation of the terms of his probationary sentence for criminal threatening by virtue of his subsequent criminal conduct. The court entered an order revoking his probation and ordered that Kniffin serve all four years initially suspended under his original sentence. Kniffin seasonably appealed from that judgment and contends that the revocation court abused its discretion by imposing the entire balance of the underlying sentence for criminal threatening.

Probation revocation proceedings are governed by 17–A M.R.S.A. § 1206 (1983 &

Supp.1991). Conviction of a new crime during the period of probation constitutes a ground for revoking probation. 17–A M.R.S.A. § 1206(7) (Supp.1991).[2] Further, upon a revocation of probation "the court may vacate, in whole or in part, the suspension of execution as to imprisonment or fine specified when probation was granted, considering the nature of the violation and the reasons for granting probation." 17–A M.R.S.A. § 1206(7–A) (Supp.1991).

The legislature has provided that "[r]eview of a revocation of probation pursuant to section 1206 shall be by appeal." 17–A M.R.S.A. § 1207 (1983). The scope of our review under section 1207 is not limited to the finding of violation and act of revocation by the court, as the State contends,[3] but also extends to the subsequent imposition of sentence for such violation pursuant to section 1206(7–A).[4] We review the revocation court's finding of probation violation under the familiar "clear error" standard. *State v. Maier*, 423 A.2d 235, 240 (Me. 1980); *State v. Oliver*, 247 A.2d 122, 123 (Me.1968). The conduct of the court in revoking probation and vacating the suspension of execution as to imprisonment under subsection (7–A) is reviewed for abuse of discretion. *See Oliver*, 247 A.2d at 123 (quoting *Burns v. United States*, 287 U.S. 216, 53 S.Ct. 154, 77 L.Ed. 266 (1932)); *State v. Allen*, 235 A.2d 529, 531 (Me.1967).

In the instant matter, there was no clear error in the court's finding that Knif-

---

sentence appeal, not filed until eleven months after the sentence was entered on the criminal docket, was correctly dismissed as untimely filed. *See* M.R.Crim.P. 40(c).

**2.** 17–A M.R.S.A. § 1206(7) (Supp.1991) provides:

7. If a person on probation is convicted of a new crime during the period of probation, the court may sentence him for such crime and revoke probation. If the person has been sentenced for the new crime and probation revocation proceedings are subsequently commenced, the court which conducts the revocation hearing may revoke probation. Sentencing for the multiple offenses shall be subject to section 1256. If concurrent terms of imprisonment are imposed and the terms do not commence on the same date, any time served as a result of the new conviction shall be deducted from the time the person is required to serve as a result of the probation revocation.

**3.** We reject the State's argument that because Kniffin failed to appeal his underlying sentence, *see supra* note 1, he is precluded from challenging the court's entirely vacating the suspension of execution of that sentence.

**4.** The termination of probation necessarily results in the execution of a subsisting sentence. *State v. Allen*, 235 A.2d 529, 531 (Me.1967). Revocation and the subsequent imposition of sentence are, therefore, inextricably linked in the same proceeding. *See* 17–A M.R.S.A. §§ 1206(7), (7–A). Our review under section 1207 encompasses the entire revocation proceeding.

fin had violated the terms of his probationary sentence for criminal threatening. He was convicted of operating a motor vehicle with a suspended license and operating a motor vehicle while under the influence of intoxicating liquor, both criminal offenses. *See State v. Carney*, 390 A.2d 521, 524 (Me.1978). Further, contrary to Kniffin's contention, the record shows that the revocation court properly considered "the nature of the violation and the reasons for granting probation," 17–A M.R.S.A. § 1206(7–A), along with other information, in deciding to vacate in its entirety the suspension of execution as to imprisonment under Kniffin's criminal threatening sentence. The court considered the seriousness of the conduct resulting in the criminal threatening conviction[5] along with Kniffin's continued violations of the conditions of probation imposed on him. The court noted that, given the gravity of the underlying offense and the failure of probation as a deterrent to further criminal conduct, the protection of the community was also a proper consideration. We discern no abuse of the court's broad discretion in its decision to impose the remaining portion of the underlying sentence.

We do, however, agree with Kniffin that the court did not fully consider the language of subsection (7) when it ordered that Kniffin serve the entire four-year sentence. 17–A M.R.S.A. § 1206(7), after providing that the court may revoke probation if a person is convicted of a new crime while on probation, states:

> If concurrent terms of imprisonment are imposed and the terms do not commence on the same date, any time served as a result of the new conviction shall be deducted from the time the person is required to serve as a result of the probation revocation.

Kniffin was convicted of new crimes by the District Court in February 1991, and was sentenced to a six-month term of imprisonment, all but two weeks of which were suspended. Kniffin served the entire unsuspended portion of his District Court sentence before the revocation hearing took place.

The Superior Court revoked Kniffin's probation because of his criminal conduct and imposed the previously suspended sentence for that violation. While the court did not specifically state whether the term of imprisonment for the probation violation would run concurrently with the term of imprisonment arising from Kniffin's District Court convictions, a presumption of concurrence exists in the absence of a specific decision by the court to the contrary. *See* 17–A M.R.S.A. § 1256(2) (Supp.1991) ("[t]he sentences shall be concurrent unless ... the court decides to impose sentences consecutively.") The terms of imprisonment did not commence on the same date. Kniffin, therefore, is entitled to have the fourteen days served as a result of the new conviction deducted from the time he is required to serve as a result of the probation revocation. 17–A M.R.S.A. § 1206(7).

Kniffin's argument that he is entitled to resentencing pursuant to 17–A M.R.S.A. § 1256(6) (Supp.1991) is without merit. That subsection has no applicability to this case as the court was aware of Kniffin's previously imposed sentence of imprisonment.

The entry is:

Judgment modified in accordance with the opinion herein to subtract fourteen days from the time Kniffin is required to serve as a result of the probation revocation, and, as modified, affirmed.

All concurring.

---

**5.** Kniffin, while driving with a female companion, presented a handgun and announced his intention to kill himself and to "take her with him."