**John HAMMOND**

v.

**Michael GABOURY.**

Supreme Judicial Court of Maine.

Submitted on Briefs June 16, 1992.
Decided July 1, 1992.

Martha Harris, Paine, Lynch & Harris, P.A., Bangor, for plaintiff.

Gail Fisk Malone, Rudman & Winchell, Bangor, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD and COLLINS, JJ.

CLIFFORD, Justice.

John Hammond, plaintiff in this personal injury action, appeals from a judgment entered by the Superior Court (Penobscot

County, *MacInnes, A.R.J.*) in favor of the defendant, Michael Gaboury, after a jury-waived trial. Contrary to Hammond's contentions, there is sufficient evidence of record to support the trial court's finding that Hammond and Gaboury were equally negligent in causing the motor vehicle accident[1] and that Hammond was not injured as a result of the accident nor was his subsequent hospitalization causally connected to the accident.

On the evening of February 13, 1988, Hammond and Gaboury were both driving pickup trucks in opposite directions on Route 222 in Levant. Both trucks were equipped with a driver's side mirror mounted on a bracket. As the two trucks passed, their mirrors collided, resulting in, according to Hammond, injury to Hammond.

In order for Hammond to recover, the court would have to find that Gaboury was negligent and that Gaboury's negligence exceeded any negligence on the part of Hammond. *Moses v. Scott Paper Co.,*

280 F.Supp. 37, 41 (D.C.Me.1968); 14 M.R.S.A. § 156 (1980). The court determined that Hammond and Gaboury were equally negligent. We review such a determination for clear error. *Harmon v. Emerson,* 425 A.2d 978, 981 (Me.1981). In our review, we give due regard to the trial court's opportunity to judge the credibility of witnesses and weigh the evidence. *Herbert v. Mrozik,* 521 A.2d 291, 292 (Me. 1987); *Tonge v. Waterville Realty Corp.,* 448 A.2d 902, 905 (Me.1982); M.R.Civ.P. 52(a). We discern no error.

The entry is:

Judgment affirmed.

All concurring.

---

1. *See* 14 M.R.S.A. § 156 (1980) providing in part:

If such claimant is found by the jury to be equally at fault, the claimant shall not recover.