STATE of Maine

v.

Jeffrey A. SCOTT.

Supreme Judicial Court of Maine.

Submitted on Briefs Jan. 6, 1994.

Decided Feb. 24, 1994.

Michael E. Povich, Dist. Atty. and Steven Juskewitch, Deputy Dist. Atty., Ellsworth, for the State.

Edward McSweeney and William N. Ferm, Ferm, Collier & Larson, Ellsworth, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS, RUDMAN and DANA, JJ.

GLASSMAN, Justice.

Jeffrey A. Scott appeals from a judgment entered in the Superior Court (Hancock County, *Mills, J.*) revoking his probation and vacating the remainder of the suspended portion of the underlying sentence imposed on him following his conviction for aggravated assault, 17-A M.R.S.A. § 208 (1983). *See* 17-A M.R.S.A. § 1206 (1983 & Supp.1993). He challenges the sufficiency of the evidence to support the court's finding that he had violated the conditions of his probation. He also contends that the court failed to consider the nature of the violation in reaching its decision and that the vacation of the remaining portion of the suspended sentence subjected him to double jeopardy in violation of the Fifth Amendment to the United States Constitution and article I, section 8 of the Maine Constitution. We affirm the judgment.

The record reflects that on January 28, 1991, Scott was sentenced to six years imprisonment with all but eighteen months suspended, and placed on probation for four years following his conviction for aggravated assault. The conditions of probation included that he refrain from using intoxicating liquor (no use provision), undergo counseling for alcohol abuse (counseling provision), and submit to a test for use or possession of intoxicating liquor (testing provision). Prior to the instant motion of the Department of Probation and Parole filed on August 31, 1992, alleging Scott's violation of the no use and testing provisions, two previous motions had been filed by the Department seeking revocation of Scott's probation. The first motion, filed on May 13, 1992, alleged Scott's violation of the no use provision on April 27, 1992, and of the counseling provision by failing to attend counseling between March 4 and April 30, 1992. The second motion, filed on July 1, 1992, alleged Scott's violation of the counseling provision by leaving the counseling program on June 16, 1992 without completing it and failing to refrain from criminal conduct. On September 25, 1992, after a hearing on the first two motions, the court found that Scott violated the conditions of his probation, partially revoked his probation, and vacated ninety days of the suspended portion of his underlying sentence.

The hearing on April 8, 1993, on the Department's instant motion for revocation of Scott's probation revealed the following facts: On August 30, 1992, the driver of an automobile in which Scott was a passenger was arrested for operating the vehicle while under the influence of intoxicating liquor. The arresting officer detected a strong odor of alcohol on Scott's breath. Following the officer's confirmation that Scott was on probation with special conditions prohibiting alcohol consumption and requiring that he submit to testing for its use, Scott was arrested. Scott refused the officer's request that Scott take an intoxilizer test. The court found that

Scott had violated the testing provision, revoked his probation, and vacated the suspension of the unserved sentence, and Scott appeals.

Scott first challenges the sufficiency of the evidence to support the trial court's finding that he inexcusably failed to comply with the testing provision. He contends that such a finding is clearly erroneous because his belief that he could choose the type of test for determination of blood-alcohol excused his failure to submit to the test.

■ Hearings on motions for probation revocation are governed by 17–A M.R.S.A. § 1206 (1983 & Supp.1993). If the alleged violation does not constitute a crime, the court may, on receipt of a motion, revoke probation if it finds by a preponderance of the evidence that the probationer has inexcusably failed to comply with a condition of probation. *Id.* § 1206(6) (Supp.1993). It is a question of fact whether a condition of probation has inexcusably been violated by the probationer. *State v. Comer,* 609 A.2d 693, 693 (Me.1992). The trial court's finding of an inexcusable violation must stand unless clearly erroneous. *State v. Kniffin,* 604 A.2d 900, 901 (Me.1992). Here the condition of probation obligated Scott "to submit to . . . testing for use or possession of intoxicating liquor." It was not essential to the court's determination to revoke Scott's probation that it also find he had consumed alcohol. We know of no authority, and Scott cites none, that would allow him to designate the type of test administered to determine his use of intoxicating liquor. There was no clear error in the trial court's finding that Scott inexcusably violated the condition of his probationary sentence by refusing to submit to the intoxilizer test.

■ Contrary to Scott's contention, the record reveals that the trial court properly considered the nature of the violation and the reasons for granting probation, *see* 17–A M.R.S.A. § 1206(7–A) (Supp.1993), and did not misunderstand the chronology of events leading to the filing by the Department of three separate motions alleging Scott's violation of the conditions of his probation. The court noted that when Scott was placed on probation he acquired the burden of addressing his alcohol problem but has continued to violate the conditions of his probation by refusing to submit to counseling and by his present refusal to submit to random testing for the use of alcohol. We find no merit in Scott's contention that because his violation of the testing provision is not criminal, the vacation of the remainder of the suspended portion of his sentence was not merited. We have previously stated that the court has broad discretion in its determination of the portion, if any, of a previously suspended sentence to vacate following the revocation of probation. *State v. Kniffin,* 604 A.2d at 901–02. We discern no abuse of discretion in the court's decision to vacate the remainder of the suspended portion of the underlying sentence imposed on Scott following his conviction for aggravated assault.

■ Nor do we find merit in Scott's contention that because his violation of the counseling provision was the basis for the two prior motions for probation revocation, the court's reference to such failure subjected him to double jeopardy in violation of the federal and state constitutions. It is clear from the record that the revocation of Scott's probation was based on the court's finding that Scott had violated the testing provision that was a condition of his probation. His refusal to attend counseling was appropriately considered by the trial court in its assessment of Scott's prospects of rehabilitation. *See* Wayne R. LaFave & Jerold H. Israel, 3 *Criminal Procedure* § 25.4(a) at 156 (1984) (determination whether to vacate suspended portion of underlying sentence "not purely factual, but predictive and discretionary [and] requires a balancing of the probationer's interest in freedom and the state's interest in insuring his rehabilitation and the public safety. Consequently . . . [the State] should be permitted to show aggravating circumstances tending to show that incarceration would be the better course." (footnotes omitted)).

The entry is:

Judgment affirmed.

All concurring.