STATE of Maine

v.

**Randy WEBB.**

Supreme Judicial Court of Maine.

Submitted on Briefs Nov. 15, 1995.

Decided April 10, 1996.

Stephanie P. Anderson, District Attorney, Julia Sheridan, Assistant District Attorney, Portland, for the State.

James S. Hewes, Portland, for Defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA and LIPEZ, JJ.

CLIFFORD, Justice.

Randy Webb appeals from the judgment of the Superior Court (Cumberland County, *Cole, J.*) revoking his probation and imposing the entire suspended portion of his underlying sentence. Webb contends that the court erred in finding that his failure to obtain sex abuser counseling was inexcusable and thus a violation of a condition of probation. Finding no error, we affirm the judgment.

In June 1994, Webb entered a plea of guilty to one count of unlawful sexual contact, 17–A M.R.S.A. § 255(1)(C) (Supp.1995).[1] The court sentenced Webb to four years' incarceration, all but nine months suspended, and placed Webb on probation for three years. As a condition of his probation, Webb was to "undergo sex abuser counseling/treatment to the satisfaction of the probation officer." Webb was to contribute to the cost of counseling based on his financial ability as determined by the probation officer. Webb raised no objection to the conditions of probation and did not appeal from those conditions.

When his probationary period commenced, Webb had an initial psychotherapeutic session with a licensed sex abuse counselor. Based on Webb's assertion of his innocence of any sex crime, the counselor determined that any future sex abuser counseling or treatment would be fruitless and a waste of time and money. Webb thereafter went to one session with a substance abuse counselor, but discontinued treatment after learning that the counselor was not licensed as a sex abuse counselor.

---

1. 17–A M.R.S.A. § 255(1)(C) provides in pertinent part:

    **1.** A person is guilty of unlawful sexual contact if the person intentionally subjects another person to any sexual contact, and:

. . . .

**C.** The other person, not the actor's spouse, has not in fact attained the age of 14 years and the actor is at least 3 years older; ...

At the hearing on the State's motion to revoke Webb's probation for failure to comply with the sex abuse counseling and treatment condition, Webb testified that although he pleaded guilty to the sex offense, he did so only because he feared going to trial and that he is, in fact, innocent of that conduct. He further testified that he could benefit from sex abuse counseling, and that he would seek a new counselor once he found a job. He asked for an additional month to find a job.

The court denied Webb's request for more time to find a job and concluded that Webb violated his probation. The court found that Webb's failure to obtain the required counseling was not due to his finances, but resulted from his attitude and mind set; his refusal to accept responsibility for the criminal act. After making the finding, the court indicated that it would revoke part of the suspended sentence, with Webb to serve eighteen months and then be placed on probation again on his release. Webb rejected that option, however, and requested that the court revoke his probation in full. The court did so and sentenced Webb to three years and three months, the entire remaining portion of his underlying sentence.[2]

■ The court may revoke the probation if, *inter alia,* it finds by a preponderance of the evidence that the defendant has "inexcusably failed to comply with a condition of probation." *State v. Scott,* 637 A.2d 1159, 1161 (Me.1994) (citation omitted). We will uphold the court's finding of an inexcusable violation unless that finding is clearly erroneous. *Id.*

Webb contends that the court's finding that his failure to obtain counseling was inexcusable is error. He argues that his inability to afford the counseling excused his failure to comply with the condition. He points out that the State lacked the resources to provide counseling, and that in any event, it was the counselor, and not he, who ended the counseling sessions. We are unpersuaded by Webb's contentions.

■ The court's conclusion that Webb inexcusably failed to comply with the condition of probation is based on the fact that Webb was in denial and "had not made a good faith effort to engage in counseling."[3] Further, the court determined that it was Webb's denial and mind set that caused the counselor to conclude that further treatment was fruitless. Although Webb's testimony would support a contrary conclusion, "[i]t is for the fact finder to decide the credence to be given the various witnesses and their testimony." *State v. Reardon,* 486 A.2d 112, 117 (Me.1984); *see also Hammond v. Gaboury,* 609 A.2d 1180, 1181 (Me.1992) (due regard given to trial court's opportunity to judge the credibility of witnesses and weigh the evidence).

■ Although the court made no explicit finding that Webb had the financial ability to cover the entire cost of the required counseling, such a finding was not essential to the court's determination. Rather, the court made clear that it was Webb's attitude that was the reason that the condition was violated. That finding is not clearly erroneous.

The entry is;

Judgment affirmed.

WATHEN, C.J., and ROBERTS, GLASSMAN, RUDMAN, and LIPEZ, JJ., concurring.

DANA, Justice, dissenting.

Because I do not believe that Webb was adequately put on notice of the consequences

---

**2.** Webb's challenge is to the finding that he violated the sex abuse counseling condition of his probation. He does not challenge the court's decision to revoke the entire probationary period.

**3.** In response to Webb's contention that he was willing to undergo counseling but could not afford it, the court stated:

I don't hear that there's a problem with him going to counseling sessions. I hear that the problem is that he is not cooperating with counseling. I mean, that's what is suggested to me. It's not a financial thing, it's his commitment to accept responsibility for his criminal acts and to be involved in good faith counseling, and denial is not being involved in good faith counseling. That's what I hear his probation officer telling me.

Following Webb's testimony, the court stated:

"[I]t's a red herring to suggest that this is a financial problem and not a mind set of the defendant."

of his having an inappropriate attitude toward therapy, I respectfully dissent. At the revocation hearing the court stated as its reason for revoking probation that Webb had failed to "accept responsibility for his criminal acts and to be involved in good faith counseling, and denial is not being involved in good faith counseling." The conditions of Webb's probation include a requirement that he "undergo sex abuser counseling/treatment to the satisfaction of the probation officer." Webb went to see a sex abuse counselor, who was suggested by his probation officer, for an *evaluation.* The counselor concluded, following the single evaluation session, that Webb would not benefit from therapy and that he (the counselor) was not going to "waste [his] time" trying to help Webb. The counselor stated in a letter that in his experience working with clients who are in denial is "a losing proposition to everyone involved." After receiving the evaluation Webb's probation officer informed Webb that he needed to be in counseling. Webb told the probation officer that he didn't feel that he needed counseling. Following the probation officer's subsequent motion for revocation Webb attended a counseling session with a different counselor. When Webb discovered that the counselor was a substance abuse counselor and not licensed as a sex abuse counselor he stopped seeing that counselor. At the revocation hearing Webb expressed his desire to be in counseling numerous times. He testified alternatively that he believed he would benefit from counseling and that he felt that he was innocent of the crime to which he pleaded guilty.

The loss of liberty entailed in the revocation of probation is a serious deprivation requiring the probationer to be accorded due process. *Gagnon v. Scarpelli,* 411 U.S. 778, 781–82, 93 S.Ct. 1756, 1759–60, 36 L.Ed.2d 656 (1973); *see also State v. Maier,* 423 A.2d 235, 238 (Me.1980) (recognizing that a probationer's interest in continued freedom is within the meaning of the "liberty or property" language of the Fourteenth Amendment to the United States Constitution and of Article I, section 6–A of the Maine Constitution). Fair warning of conduct that may result in revocation is an integral requirement of due process in probation revocation proceedings.

*United States v. Gallo,* 20 F.3d 7, 11 (1st Cir.1994) (failure to undergo inpatient treatment warranted revocation where probation condition stated "continue to submit to proper psychiatric treatment, inclusive of medication," and both defendant's probation officer and the court gave repeated warnings that failure to do so would result in revocation). As we have previously said, "basic fairness dictates that a probationer be aware of the rules governing probationary status. . . ." *State v. Thomas,* 538 A.2d 284, 286 (Me.1988).

Webb was never told, and the condition of his probation quoted above does not give warning, that to begin therapy "in denial" would result in revocation. Before the revocation hearing began, in a discussion about the State's ability to help Webb with the cost of counseling, the probation officer stated that "any place that [the State] would fund would not be a counselor that takes people that are in denial. . . ." Such a statement necessarily implies that there are counselors who will treat people who are in denial.

In *State v. Woveris,* 138 N.H. 33, 635 A.2d 454, 455 (1993), the defendant had pleaded guilty to two counts of felonious sexual assault and as a condition of probation was required to "participate in sex offender treatment." The defendant was subsequently evaluated at two treatment centers. *Id.* He was refused admittance into either program due to his denial of culpability. *Id.* The State then filed a violation of probation report. At the hearing the State argued that the defendant's failure to "meaningfully participate," as evidenced by his refusal to admit culpability, constituted sufficient grounds on which to revoke probation. *Id.* The defendant argued that "meaningful participation" was not clearly required by the terms of his conditions of probation. *Id.* The court agreed that the State had failed to establish a violation, and modified the defendant's probation to include a requirement of "meaningful participation." *Id.* Following the revocation hearing the defendant was admitted into a treatment program and attended all fourteen of the program's scheduled sessions. *Id.* He was terminated from further participation in the program, however, because his

continued denial of responsibility made him not amenable to outpatient treatment. *Id.* The State then filed a second violation of probation report. The New Hampshire Supreme Court affirmed the probation revocation, ruling that the first hearing, the subject of which was entirely a clarification of what was required of the defendant in treatment, coupled with the probation officer's subsequent discussion with the defendant of the need to admit responsibility for his conduct, was sufficient notice to the defendant that his failure to do so might result in revocation. *Id.* at 455–56.

In my view, the court in this case should have done what the court in *Woveris* did after the State's first violation of probation report. That is, if the probation officer and the court determined that revocation could result from Webb's refusal to admit his own culpability, the court should have modified Webb's conditions of probation to include notice that "denial" would lead to such a result.[1] As it is, Webb's freedom has been taken away because, before he was even able to get counseling, he displayed an attitude that he did not know could result in such a loss. I would vacate the revocation and remand to the Superior Court for consideration of the motion for probation revocation in light of the opinion herein.

---

1. The court is authorized, pursuant to 17–A M.R.S.A. § 1202(2) (Supp.1995), to modify or add to, as limited by 17–A M.R.S.A. § 1204 (1983 & Supp.1995), the requirements of probation.