MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:    2016 ME 120
Docket:      And-15-120
Argued:      April 5, 2016
Decided:     July 28, 2016

Panel:       SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.

## STATE OF MAINE

v.

## CRYSTAL PALMER

HUMPHREY, J.

[¶1]   Crystal Palmer appeals from a judgment of conviction for endangering the welfare of a child (Class D), 17-A M.R.S. § 554(1)(C), (3) (2014),[1] entered in the District Court (Lewiston, *Ende, J.*) following a final hearing on her deferred disposition.  Palmer contends that the court erred when it found that her deferment was "unsuccessful" and imposed a sentencing alternative.  We agree, vacate the judgment, and remand to the trial court for further proceedings.

### I.  BACKGROUND

[¶2]   On June 24, 2014, Palmer was charged with one count of endangering the welfare of a child, 17-A M.R.S. § 554(1)(C), and one count of

---

[1]  Title 17-A M.R.S. § 544(1)(C) has since been amended, and 17-A M.R.S. § 554(3) has since been repealed.  P.L. 2015, ch. 358, § 3 (effective Oct. 15, 2015) (codified at 17-A M.R.S. § 554(1)(C) (2015)).

2

violating a condition of release (Class E), 15 M.R.S. § 1092(1)(A) (2015). On August 12, 2014, pursuant to 17-A M.R.S. § 1348 (2015), Palmer consented to a deferred disposition in the District Court (*Schneider, J.*) and pleaded guilty to the charge of endangering the welfare of a child. The charge of violation of a condition of release was dismissed.

[¶3] The six-month deferment agreement and order comprised three pages of fill-in-the-blank forms. Relevant to this appeal, the provisions on page one of the agreement required Palmer to "meet with the requirements of deferred disposition" and comply with the conditions of an attached bail order.[2] The provisions on page two, captioned "Special Conditions of Deferred Disposition," required her to

> undergo a psychological evaluation and complete counseling focus on parentin[g] as indicated. Provide proof of same to the D.A.'s Office through attorney. – Reports on Oct 1, Dec 1, 2014 & Feb 1, 2015.

Palmer was also instructed to "[s]ee attached conditions – pg 3." As described on page three of the agreement, also captioned "Special Conditions of Deferred Disposition," Palmer was required to "attend and complete counseling for [] parenting issues, to satisfaction of probation officers" and "submit written proof to [her] attorney that [she had] completed the

---

[2] The bail order required her to "comply w/all conditions of Deferred Disposition."

above-referenced programs by the following dates: Complete Kids First Program, 1234 Parenting & any programs recommended by counselor." The agreement also provided that, at the conclusion of the deferment, "[i]f there are no violations of bail or the deferred disposition agreement," Palmer would be "permitted to withdraw her plea" to the endangering charge, and the case would be dismissed.

[¶4]  During the hearing at which Palmer entered into the deferment agreement, the court explained to her that she must "meet the requirements of the deferred disposition, which include . . . undergo[ing] a psychological evaluation; complet[ing] counseling with a focus on parenting, as indicated;[3] provid[ing] proof of the same to the DA's office through your attorney.  Your reports are due October 1st, December 1st and February 1st 2015."

[¶5]  On February 10, 2015, at the conclusion of the period of deferment, the court (*Ende, J.*) held a hearing on the final disposition, *see* 17-A M.R.S. § 1348-B(1) (2015).[4]  At that hearing, Palmer bore the burden of proving that she complied with the terms of the deferment.  *Id.*  No testimony

---

[3]  The text of the agreement required Palmer to "undergo a psychological evaluation *and* complete counseling focus on parentin[g] as indicated."  (Emphasis added.)  The court's recitation of these requirements to Palmer did not include the conjunction between the psychological evaluation and counseling requirements.

[4]  The State did not move to terminate the deferment during the deferment period.  *See* 17-A M.R.S. § 1348-B(2) (2015).

4

was taken and no exhibits were admitted.[5]  However, the court was presented with the following statements and arguments of counsel.[6]  Palmer presented a twenty-one-page psychological evaluation report, conducted pursuant to 15 M.R.S. § 101-D (2015) for a different matter, and acknowledged that she was late in submitting the report to the court.  Through her attorney she informed the court that her new mental health counselor had conducted three evaluation sessions while preparing a treatment plan for her.  The State argued that Palmer had failed to meet the conditions of her deferment, emphasizing that she had not undergone a psychological evaluation that "focused on parenting" and mentioning only briefly that she had neither completed counseling nor submitted corresponding reports.  Palmer argued that she was in "substantial compliance"[7] with the conditions of the deferment

---

[5]  Title 17-A M.R.S. § 1348-B(4) (2015) provides that at the hearing on the final disposition, the defendant "must be afforded the opportunity to confront and cross-examine witnesses against the person, to present evidence on that person's own behalf and to be represented by counsel."

[6]  The State argues for the first time on appeal that Palmer presented "no sworn testimonial evidence, documentary evidence, or any exhibits which are part of the record" and that Palmer therefore failed to prove that she complied with the terms of the deferment; however, the State did not raise this issue during the presentation to the trial court, and the relevant facts are not in dispute.  The narrow issue on appeal is whether the court erred in interpreting the parties' agreement.

[7]  Title 17-A M.R.S. § 1348-B (2015) does not include a "substantial compliance" standard.  However, we interpret Palmer's argument to address, instead, the *excusability* of any failure by her to comply with the terms of the agreement.  *See* 17-A M.R.S. § 1348-B(1) (providing that the court must determine whether the defendant has "inexcusably failed to comply with the court-imposed deferment requirements").

because she had completed most of the parenting training, had undergone a psychological evaluation, and had begun counseling with a parenting focus.

[¶6]  In reply to these arguments, the court said, "Okay.  She hasn't completed yet the evaluation, is what it sounds like."  The court discussed a sentencing alternative with the parties that included a partially suspended sentence and probation with the same conditions as those contained in the deferred disposition agreement.  *See* 17-A M.R.S. § 1348-B(1).  The State then asked the court to clarify the conditions of probation, stating, "just so there is no misunderstanding, the Defendant is required to have *an evaluation that is focused on the issue of parenting*[,] and she is required to follow up with any counseling or treatment as may be directed to the satisfaction of her probation officer."  (Emphasis added.)  The court responded, "Right, and let me further say if for some reason there's no such evaluation, which I doubt, I think you can get that, an evaluation focusing on parenting issues, but if you go and ask and they tell you it doesn't exist, then tell your probation officer."  The court stated that the deferred disposition was "unsuccessful,"[8] entered a

---

[8]  The meaning of the court's statement that the deferred disposition was "unsuccessful" is unclear.  Without more, it could mean that Palmer simply failed to comply with a requirement of her disposition or that she "inexcusably" failed to comply.  The difference is significant.  Because the court went on to impose a sentencing alternative "that was not consented to in writing at the time sentencing was deferred," *see* 17-A M.R.S. § 1348-B(1), we assume that the court found that Palmer's failure to comply was inexcusable.

6

judgment of conviction, and imposed a sentence of sixty days in jail, with all but five days suspended, and six months of probation with the same conditions as those contained in the deferred disposition agreement. *See* 17-A M.R.S. § 1348-B(1).

[¶7] Palmer timely sought a certificate of probable cause to appeal this decision. *See* 17-A M.R.S. § 1348-C (2015); M.R. App. P. 19(a). In June 2015, we granted her request and allowed this appeal.

## II. DISCUSSION

[¶8] Palmer argues that the court erred when it found that she inexcusably failed to comply with a term of her agreement based on the State's argument that she did not complete a psychological evaluation that "focused on parenting." She contends that a psychological evaluation with a parenting focus was not a condition of her deferment agreement or, in the alternative, that this provision was fatally ambiguous.

A. Standard of Review

[¶9] We have not had the occasion to declare a standard of review on a challenge to a finding that a defendant has failed to comply with a condition of a deferred disposition agreement or that the failure to comply was inexcusable, and we take the opportunity to do so now.

[¶10]   Title 17-A M.R.S. § 1348-B(1) requires a final hearing at the conclusion of the period of a deferred disposition and provides, in relevant part,

> *If the person demonstrates by a preponderance of the evidence that the person has complied* with the court-imposed deferment requirements, the court shall impose a sentencing alternative authorized for the crime to which the person pled guilty and consented to in writing at the time sentencing was deferred . . . unless the attorney for the State, prior to sentence imposition, moves the court to allow the person to withdraw the plea of guilty.  Following the granting of the State's motion, the attorney for the State shall dismiss the pending charging instrument with prejudice.  *If the court finds that the person has inexcusably failed to comply* with the court-imposed deferment requirements, the court shall impose a sentencing alternative authorized for the crime to which the person pled guilty.

(Emphasis added.)

[¶11]  The same "inexcusabl[e] fail[ure] to comply" language is found in our probation revocation statute.  *See* 17-A M.R.S. § 1206(6) (2015).  We have consistently stated that "[i]t is a question of fact whether a condition of probation has inexcusably been violated by the probationer."  *State v. Scott*, 637 A.2d 1159, 1161 (Me. 1994).  In the context of a motion to revoke probation, the State, as the moving party, bears the burden of proving that a defendant inexcusably failed to comply with a requirement of his or her probation, and we review a court's finding on this issue for clear error.  *See*

8

*State v. James*, 2002 ME 86, ¶ 9, 797 A.2d 732; *Scott*, 637 A.2d at 1161. Here, in contrast, the *defendant* bears the burden of persuasion to show that she complied with the court-imposed deferment requirements. *See* 17-A M.R.S. § 1348-B(1). When the trier of fact makes a factual finding adverse to the party with the burden of proof, "we will overturn the trial court's finding . . . only if the record compels a contrary conclusion. . . ." *State v. Pulsifer*, 1999 ME 24, ¶ 14, 724 A.2d 1234 (citation omitted).

[¶12] Relevant to this case, the deferred disposition statute sets forth in sequence three important elements of the hearing on final disposition: (1) the defendant must demonstrate, by a preponderance of the evidence, that she has complied with the court-imposed deferment requirements; (2) if the defendant fails to meet this burden, the court must determine whether her failure to comply was inexcusable; and (3) if the failure was inexcusable, the court is then required to impose a sentencing alternative. *See* 17-A M.R.S. § 1348-B(1).

[¶13] To determine whether Palmer inexcusably failed to comply with the requirements of her deferment, the court's scrutiny should have begun with those requirements. *See* 17-A M.R.S. § 1348-B(1). A deferred disposition agreement is a contract between the defendant and the State and must be

interpreted accordingly. *See State v. Murray*, 617 A.2d 135, 139 (Vt. 1992) ("A deferred-sentence agreement, like all probation agreements, is a form of contract, subject to the normal rules for construction of contracts." (citation omitted)); *cf. State v. Russo*, 2008 ME 31, ¶ 14, 942 A.2d 694 ("Plea agreements are contracts and contract principles apply when interpreting them. Furthermore, because a defendant's constitutional rights are implicated, agreements of this nature are subject to greater scrutiny than is normally afforded to commercial contracts." (citation omitted) (quotation marks omitted)). We review the interpretation of a contract, "including whether or not its terms are ambiguous," de novo as a question of law. *Farrington's Owners' Ass'n v. Conway Lake Resorts, Inc.*, 2005 ME 93, ¶ 10, 878 A.2d 504.

B. Psychological Evaluation Requirement

[¶14] Because the primary focus of the arguments of the State and Palmer is their disagreement as to the meaning of the psychological evaluation requirement of the deferment agreement, we first examine whether that provision is ambiguous. "A contractual provision is ambiguous if it is reasonably possible to give that provision at least two different meanings." *Reliance Nat'l Indem. v. Knowles Indus. Servs., Corp.*, 2005 ME 29,

¶ 24, 868 A.2d 220 (quotation marks omitted). When contract language is ambiguous, the agreement should be construed against the drafter. *Barrett v. McDonald Invs., Inc.,* 2005 ME 43, ¶¶ 15, 17-18, 870 A.2d 146; *see Commonwealth v. Ruiz*, 903 N.E.2d 201, 208 (Mass. 2009) (stating, "[t]o the extent there is any ambiguity [in the terms and conditions of probation], . . . we construe the lack of clarity in the defendant's favor").

[¶15] The State argues that a reasonable person would have read this provision to mean that both the psychological evaluation and the counseling must have a parenting focus. Palmer argues that, as drafted, the parenting focus only applies to the counseling requirement.[9] A review of the entire agreement offers little clarity: the psychological evaluation requirement appears only once in the agreement and is in the same sentence as the counseling requirement; whereas, on a separate page, the agreement requires "counseling for parenting issues, to satisfaction of probation officer" and requires Palmer to attend specific child-parent programs "recommended by counselor."

---

[9] In its brief, the State also offers another interpretation of this provision as requiring Palmer to "undergo a psychological evaluation and complete counseling *as indicated by the evaluation* with a focus on parenting." (Emphasis added.)

[¶16]  There are additional indications of ambiguity.  At the time Palmer entered into the deferment agreement, the trial court offered an explanation of this provision that did not precisely track the printed text of the agreement but seemed more in line with Palmer's interpretation.  Further, at the time of sentencing at the final hearing, the State itself asked the court for clarification regarding the meaning of the identical psychological evaluation condition that was to be part of Palmer's probation, and the court expressed uncertainty that a psychological evaluation with a parenting focus even existed.

[¶17]  Accordingly, applying a de novo review of the contract language, we conclude that the psychological evaluation provision of the agreement is ambiguous to a degree that deprived Palmer of notice as to what was required of her in order to comply with its terms or enable her to demonstrate compliance at the final hearing.  *Cf. Ruiz*, 903 N.E.2d at 206 (citing 16C C.J.S. *Constitutional Law* § 1669 (2005) for the proposition that, in order to comport with the requirements of due process, a probation condition "must be sufficiently precise and unambiguous to inform the probationer of the conduct that is essential so that he or she may retain his or her liberty").

[¶18]  Here, the court's statements at the final hearing indicate that it accepted the State's interpretation of the evaluation requirement and based

its conclusion that Palmer's deferment was "unsuccessful" on her failure to obtain an evaluation with a parenting focus. Although the court found that Palmer had not met her burden of proving that she complied with this requirement, because the contract did not contain that requirement, we conclude that the record in this case compels a contrary finding. *See Pulsifer*, 1999 ME 24, ¶ 14, 724 A.2d 1234. We further conclude that the error was not harmless because, instead of having the opportunity to argue that she should be allowed to withdraw her plea of guilty and have the case against her dismissed, Palmer was convicted and sentenced to jail and probation, and thus her substantial rights were affected. *See* M.R.U. Crim. P. 52.

C.    Other Requirements of the Deferment

[¶19]  The State also argues that Palmer did not comply with other conditions of the agreement, including the requirements that she *complete* counseling and submit reports on specified dates. Palmer did not deny that she failed to meet these particular requirements but offered explanations regarding them. For example, the court had before it information that Palmer had undergone two psychological evaluations, completed two or three parent-training programs, and enrolled with a counselor to address issues specific to parenting. As to her failure to submit reports or "complete"

counseling, Palmer's attorney argued that she made repeated attempts to work with her probation officer to agree on a "proper counselor for her programming" and one that "she could afford." As a result, she did not engage the services of a counselor until near the end of her deferred disposition term, after she had missed most of the deadlines for filing reports.

[¶20] Nothing in the record suggests that the court considered whether Palmer did or did not demonstrate by a preponderance of the evidence that she complied with the other conditions of the agreement or, if she did not meet that burden, whether her noncompliance was excusable or inexcusable. Thus, we must return this matter to the court for further proceedings. If, on remand, the court determines that Palmer did not comply with any of the other requirements, it must then determine whether her noncompliance was "inexcusable" before it may impose a sentence. *See* 17-A M.R.S. § 1348-B(1). In determining whether Palmer inexcusably failed to comply with the requirements of the deferred disposition agreement, the court may consider evidence supporting the explanations offered by Palmer, along with any other relevant evidence.

14

D.    Conclusion

[¶21]  Because we conclude that the court's inferred finding that Palmer inexcusably failed to comply with the psychological evaluation requirement of the deferred disposition was in error, we vacate the judgment and remand to the court for further proceedings to determine whether Palmer failed to comply with any other requirements of deferment and, if so, whether her failure to comply was inexcusable.

The entry is:

> Judgment vacated.  Remanded to the District Court for further proceedings consistent with this decision.

**On the briefs:**

Tina Heather Nadeau, Esq., The Law Office of Tina Heather Nadeau, PLLC, Portland, for appellant Crystal Palmer

Andrew S. Robinson, District Attorney, and Claire Gallagan Andrews, Asst. Dist. Atty., Office of the District Attorney, Farmington, for appellee State of Maine

Rory A. McNamara, Esq., Drake Law, LLC, Lebanon, for amicus curiae Maine Association of Criminal Defense Lawyers

**At oral argument:**

Tina Heather Nadeau, Esq., for appellant Crystal Palmer

Claire Gallagan Andrews, Asst. Dist. Atty., for appellee State of Maine

Lewiston District Court docket number CR-2014-1844
FOR CLERK REFERENCE ONLY