JABAR, J.,
concurring in part and dissenting in part.
[¶ 14] I concur with the Court’s opinion to the extent that it concluded that Donald was in a better financial position than Linda to bear the costs of Linda’s attorney *715 fees. I respectfully dissent, however, from the Court’s conclusion that the release in question is a general release relieving Donald of his obligation to pay Linda spousal support that accrued during the appeal. Court’s Opinion ¶ 10. Because the trial court properly considered the testimony of the parties in determining the scope of the release, I would affirm the trial court’s order awarding Linda $8,100 in interim spousal support.
[¶ 15] The Court agrees with Donald’s argument that the release signed by Linda prevented her from recovering the $8,100 interim spousal support which accrued during the pendency of the appeal. Court’s Opinion ¶ 10. The Court states that “[because the language of the general release that Linda signed is unambiguous, the [trial] court erred in considering Linda’s intent in signing it.” Court’s Opinion ¶ 10. I disagree with the Court because neither the content of the release, which is ambiguous, nor Linda’s testimony about it support the Court’s conclusion that it was a general release.
[¶ 16] Pursuant to Maine contract law, to be enforceable, an agreement must be “sufficiently definite to enable the court to determine its exact meaning and fix exactly the legal liabilities of the parties.” Barr v. Dyke, 2012 ME 108, ¶ 13, 49 A.3d 1280 (quotation marks omitted). “If a release is ‘absolute and unequivocal’ in its terms, it ‘cannot be explained by parol evidence and must be construed according to the language that the parties have seen fit to use.’” 2301 Cong. Realty, LLC v. Wise Bus. Forms, Inc., 2014 ME 147, ¶ 10, 106 A.3d 1131 (quoting Norton v. Benjamin, 220 A.2d 248, 253 (Me. 1966)). “Once an ambiguity is found then extrinsic evidence may be admitted and considered to show the intention of the parties.” Portland Valve, Inc. v. Rockwood Sys. Corp., 460 A.2d 1383, 1387 (Me. 1983). Language in a contract is ambiguous if it is reasonably susceptible to different interpretations. Id. “[T]he interpretation of ambiguous language is a question for the factfinder.” Id. Any ambiguity in a contract should be construed strictly against the drafter. See State v. Palmer, 2016 ME 120, ¶ 14, 145 A.3d 561; Travelers Indem. Co. v. Bryant, 2012 ME 38, ¶ 9, 38 A.3d 1267.
[¶17] Because the language of the release drafted by Donald’s attorney is reasonably susceptible to multiple interpretations, the release is ambiguous. Several factors lead to this conclusion. First, the title of the document indicates that it is a “RELEASE OF ALL DEMANDS WITH REGARD TO APPEAL.” This title is not in any way indicative of a “general release.” Second, the first two lines narrow the scope of the release to “the currently pending appeal of the Divorce Judgment in KEN-13-480.” Finally, the document releases Donald “from any damages, costs, fees, ,attorney[ ] fees, or any other thing whatsoever on account of, or in any way growing out of or associated with the appeal.” This language—considered narrowly and construed against the drafter—is ambiguous in scope, because it does not define what claims or demands are “growing out of or associated with the appeal.” Because the judgment awarding interim spousal support that Donald was obligated to pay was not appealed, it is not clear whether the accrued spousal support is included within the scope of the release. For these reasons, the release is ambiguous as to its scope.
[¶ 18] When a contract is ambiguous, the trial court is permitted to consider parol evidence to interpret it. Portland Valve, Inc., 460 A.2d at 1387. We then review the trial court’s determination for clear error. Brochu v. McLeod, 2016 ME 146, ¶ 39, 148 A.3d 1220 (stating that “if [a] contract is ambiguous, then its interpretation is a *716 question of fact for the factfinder, in which case we review the trial court’s conclusion for clear error” (quotation marks omitted)).
[¶ 19] Although it did not specifically find that the release was ambiguous, the trial court did consider parol evidence in determining the scope of the release. The evidence supports the trial court’s conclusion that the release did not bar Linda’s claim for spousal support. Linda testified that in executing the release she never intended to release her right to spousal support payments, and did not believe that the release pertained to spousal support. During his testimony at the hearing, Donald did not refute Linda’s contentions or make any statement as to the scope of the release. Additionally, Donald’s attorney acknowledged that the only issue raised in Donald’s appeal of the divorce judgment concerned a stock pledge agreement. The trial court found Linda’s testimony to be credible and concluded that the release did not apply to Donald’s obligation to pay spousal support during the pendency of the appeal.
[¶ 20] In conclusion, the evidence supports the trial court’s judgment ordering $8,100 in interim spousal support be paid to Linda. Therefore, I would affirm the court’s decision in its entirety, including its award of attorney fees.