HARRY D. PINKHAM *vs.* ALPHONZO J. LIBBEY, and another.

Kennebec.    Opinion February 3, 1900.

*Contract.    Performance.*

Where under a contract for the service of a stallion " with a privilege of return
for the season," the plaintiff voluntarily pays the agreed price after the first
service, and is prevented from exercising the privilege of return by the death
of the stallion, and the service proves fruitless, the plaintiff cannot recover
the money so paid.

AGREED STATEMENT.

The case appears in the opinion.

*E. O. and F. E. Beane,* for plaintiff.

The negotiation of the note, and the receiving and retaining the
money thereon, by the defendants, before the time expired, for the
fulfillment of the contract on their part, was an absolute guaranty
of performance.

Absolute undertakings:    The general rule is, that when a party
has undertaken absolutely to do a thing, he is not excused from
liability by the occurrence of events which render the performance
of his promise impossible.    3 A. & E. Ency. Law, p. 900, § 77,
and cases cited.

The sickness and death of the horse Arrival was not such an act
of God, as would excuse the defendants from the performance of
their contract.    While it might have prevented them from fulfill-
ing it literally, it could have been substantially performed by pro-
curing or tendering the service of some other horse than Arrival.
There is no pretense that this was done.

A contract is not to be treated as having become impossible of
performance if by any reasonable construction it is still capable in
substance of being performed.    *White* v. *Mann,* 26 Maine, 361,
and cases there cited; *Knight* v. *Bean,* 22 Maine, 531; *Williams*
v. *Vanderbilt,* 28 N. Y. 217.

*O. B. Clason and A. M. Spear,* for defendants.

SITTING: PETERS, C. J., EMERY, WHITEHOUSE, WISWELL, STROUT, FOGLER, JJ.

WHITEHOUSE, J. The plaintiff agreed to pay the defendants seventy-five dollars for the service of their stallion to a valuable mare owned by him, "with the privilege of return for the season." At the time of the service, the plaintiff gave to the defendants his negotiable promissory note for the sum of seventy-five dollars in full payment of the contract price. But the service proved fruitless, and the exercise of the "privilege of return" was prevented by the sickness and death of the stallion. In the meantime the plaintiff's note had been discounted at a bank in the regular course of business, and after it had been merged in a judgment of the court was duly paid.

The plaintiff now brings this action to recover the amount paid by him under this contract on the ground of a want or failure of consideration.

It is the opinion of the court that upon the facts presented in the agreed statement the action is not maintainable.

It should be observed in the first place that this is not a contract of warranty, but for a service "with the privilege of return" for which he was to pay seventy-five dollars. This sum was not to be divided and made payable in two instalments, one for the service and another for the "privilege of return;" or in a specified instalment for each service. The consideration was entire, and the plaintiff unhesitatingly gave his negotiable note for the full amount of the contract price at the time of the service. This note was presumptively payment. It was equivalent to cash; and the fact that the plaintiff was willing to give it has much significance upon the precise understanding of the parties in relation to this contract. By reason of his knowledge of the breeding qualities of the mare, the plaintiff apparently decided that it was not for his interest to pay the price of a contract of warranty, but preferred to pay the price of a service with the privilege of return; and from his readiness to pay the entire sum at the time the contract was made, it is evident that the service actually obtained at that time was deemed by him

the most important and substantial feature of the contract. In the event that this service proved fruitless he had the "privilege of return" for further service. But it would seem that the plaintiff did not consider it probable that he would have occasion to exercise the privilege. It is obvious that that part of the contract, by which one service of the stallion was actually obtained, was considered positive and absolute. It depended upon no contingency. But the "privilege of return for the season" was not absolute and unconditional. It necessarily contemplated the continued existence of the stallion; and it is a settled rule of law that "in contracts from the nature of which it is apparent that the parties contracted on the basis of the continued existence of a given person or thing, a condition is implied that, if the performance become impossible from the perishing of the person or thing, that shall excuse such performance." 2 Chitty on Cont. (11 Am. Ed.) 1076; *Knight* v. *Bean,* 22 Maine, 531; *Marvel* v. *Phillips,* 162 Mass. 399, and cases cited; *Spalding* v. *Rose,* 71 N. Y. 40; *Yerrington* v. *Greene,* 7 R. I. 589; *Taylor* v. *Caldwell,* 3 B. & S. 826. The plaintiff was absolutely assured of one service before the payment of the contract price, but the right to further service was contingent upon the life of the stallion. There was no guaranty that the horse would live through the season.

The plaintiff does not controvert this familiar principle. He does not deny "that in this case the death of the stallion excused exact or full performance" of the contract. He does not claim that the plaintiff would be entitled to recover damages for the non-fulfillment of it. But he insists that the death of the stallion did not relieve the defendants from the obligation either to return the money to the plaintiff or give him a substantial performance of the contract by furnishing the service of some other stallion.

The agreement between these parties was analogous to a contract for personal services involving the exercise of individual skill and judgment, which can be performed only by the person named. Such contracts are not deemed to be of absolute obligation, but are subject to an implied condition that the person shall be alive and able to perform the services at the time required. *Dickey* v. *Linscott,*

20 Maine, 453 ; *Greenleaf* v. *Grounder*, 86 Maine, 298 ; *Spalding* v. *Rose*, 71 N. Y. supra ; *Marvel* v. *Phillips*, 162 Mass. supra.  In the last named case the court say :  " A contract to render such services and perform such duties is subject to the implied condition that the party shall be alive and well enough in health to perform it.  Death or a disability which renders performance impossible discharges the contract.  Neither Phillips nor his estate is bound to furnish a substitute, nor is the plaintiff bound to accept one."

The plaintiff doubtless preferred the defendants' stallion because his pedigree, record and peculiar merits seemed best calculated to accomplish the purpose in breeding contemplated by him.  He contracted for the service of a particular stallion, and could not be compelled to accept the services of any other.  The defendants contracted to furnish the services of their stallion and not the services of any other.  Nor does it anywhere appear in the statement of facts that there was ever any suggestion or intimation from the plaintiff that he desired or would accept the service of any other stallion in lieu of that one selected by him.

There is a class of cases represented by *Butterfield* v. *Byron*, 153 Mass. 517, in which it is held that if one contracts to furnish labor and material in the construction of a building, and his contract becomes impossible of performance on account of the destruction of the building, he may recover pro rata for what he has done or furnished; and on the other hand that the owner of the building who has made payments in advance in such a case may recover back so much of his money as was an over-payment.  But this doctrine is clearly inapplicable to the case at bar.  As before stated, the contract price was indivisible and incapable of apportionment.  The payment made by the plaintiff cannot, upon the facts of this case, be fairly deemed an over-payment.  If therefore the plaintiff is entitled to recover anything, it must be the full amount of the contract price.  But this would be unjust to the defendants.  It is true the service actually had was ineffectual and of no value to the plaintiff.  But non constat that the privilege of return would have been of any value.  The defendants made no engagement of warranty that any service would be successful.

The absolute part of the contract was executed by the voluntary act of the plaintiff in giving his negotiable note for the contract price, and the contingent part became impossible of performance. The entry must therefore be,

*Judgment for defendants.*