STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, ss.                                   CIVIL ACTION
                                                  DOCKET NO. CV-21-439

TIFFANY VARGAS, and
ERIKA ACEVEDO,
          Plaintiffs,

                                                  **ORDER**

     v.

RIVERBEND MANAGEMENT, LLC,
          Defendant

Before the court is Plaintiffs' motion for bench trial, which Riverbend opposes. For the following reasons, the court grants Plaintiffs' motion.

**Discussion**

Plaintiffs initially requested a jury trial in this case and that request was granted by the court. Plaintiffs now ask that the court hold a bench trial. They explain that they had assumed that their claim carried a jury right and have since discovered that it does not. Riverbend opposes the instant motion. It argues that the motion is untimely, the parties have consented to a jury trial, and it is entitled to a jury trial because Plaintiffs seek only legal relief.

Maine Rule of Civil Procedure 38 allows plaintiffs to make jury trial demands and prevents plaintiffs from later withdrawing their demands without the consent of all parties. However, Rule 39 allows that "[w]hen a trial by jury has been demanded as provided in Rule 38... the trial of all issues so demanded shall be by jury, unless ... (2) the court upon motion or of its own initiative finds that a right of trial by jury of some or all of those issues does not exist under the Constitution or statutes of the State of Maine."

Here, the court finds that Plaintiffs' claim does not carry a right of trial by jury. The Law

1

REC'D CUMB CLERKS OFC
MAY 2 '23 AM10:58

Court on several occasions has stated that actions under the Maine Human Rights Act ("MHRA") do not carry a jury trial right. *Me. Hum. Rts. Comm'n v. Auburn*, 408 A.2d 1253, 1261 (Me. 1979) ("An action arising under the Human Rights Act is equitable in nature, and any relief thereunder is granted only through the exercise of the sound discretion of the Superior Court justice."); *Me. Hum. Rts. Comm'n v. Auburn*, 425 A.2d 990, 995 (Me. 1981) (same); *Rozanski v. A-P-A Transport, Inc.*, 512 A.2d 335, 342 n.1 (Me. 1986) (reaffirming the ruling in *Me. Hum. Rts. Comm'n*, 408 A.2d 1253); *DiCentes v. Michaud*, 1998 ME 227, ¶¶ 8-10, 719 A.2d 509 (reexamining the rule that MHRA claims do not give rise to a jury trial right in light of differing federal precedent and declining to stray from prior rulings).[1]

Riverbend's attempt to distinguish *DiCentes* based on the various remedies sought does not persuade the court. The *DiCentes* decision stated,

> Although the Act authorizes both legal and equitable relief, *see* 5 M.R.S.A. § 4613(2)(B), it explicitly provides the court with broad equitable authority to hear claims, determine liability, and award relief. *See Maine Human Rights Comm'n*, 408 A.2d at 1261 n.11. Accordingly, here, where the cause of action itself sounds in equity, the nature of the relief sought is not dispositive on the question of availability of jury trial.

1998 ME 227, ¶ 10, 719 A.2d 509. In addition, the Court, *id.* ¶ 9, explicitly declined to follow *Abbott v. Bragdon*, which held that a plaintiff's "claim under the MHRA, for the imposition of civil penalties, [wa]s legal in nature" and therefore carried a jury trial right. 882 F. Supp. 181, 183 (D. Me. 1995).

Riverbend also argues that the court should not consider the merits of Plaintiffs' motion because the parties had already consented to a jury trial and Riverbend would be unfairly

---

[1] Plaintiffs cite to 5 M.R.S. § 4613(2)(B)(8)(g) (1998), a provision of the MHRA that specifies that a jury can be demanded by either party in cases of intentional employment discrimination by employers with more than fourteen employees. The MHRA does not mention such a right with respect to public accommodations or other MHRA claims. The court concludes that this provision does not affect the applicability of *DiCentes* and like precedent to the case at bar.

prejudiced if the court granted the motion. The court first notes that Rule 39(a) gives the court authority to convert a jury trial to a bench trial upon motion or by its own initiative. In this case, while Plaintiffs may have initially requested a jury trial, it is clear that they no longer consent to a jury trial. Moreover, Riverbend has not shown prejudice. While the court appreciates that time and resources have been lost in preparing for a jury trial, that fact alone does not indicate that Riverbend will be prejudiced by the shift to a bench trial.

The entry is:

Plaintiffs' Motion for Bench Trial is GRANTED.

The clerk shall enter this order on the docket by reference. M.R. Civ. P. 79(a).

DATE: 5/2/23

Signed:

Thomas R. McKeon
Justice, Maine Superior Court

3

STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-21-439

TIFFANY VARGAS, and
ERIKA ACEVEDO,
          Plaintiffs,

v.

RIVERBEND MANAGEMENT, LLC,
          Defendants

**COMBINED ORDER ON
PENDING MOTIONS**

Before the court are Defendant's Motion to Amend Answer and Affirmative Defenses to Plaintiff's Complaint and Defendant's Motion for Summary Judgment on all counts in Plaintiffs' Complaint.

**(1) Motion to Amend**

Defendant requests leave of the court to amend its answer to include an additional affirmative defense. Specifically, Defendant states that Plaintiffs have suggested that it has waived the statutory damages cap by not asserting it as an affirmative defense. Defendant requests leave to add this defense to its answer, despite disagreeing with Plaintiffs' assertion on a legal basis. Plaintiffs oppose the motion, arguing that it has been delayed, and pending any dispositive motions, the case is otherwise ready for trial.

Plaintiffs point to *Bell v. O'Reilly Auto Enterprises*, which held that the defendant must have raised the statutory damage cap in its answer to avoid waiver. No. 1:16-cv-00501-JDL, 2022 U.S. Dist. LEXIS 45802, at *4-8 (D. Me. Mar. 15, 2022) (citing *Knapp Shoes, Inc. v. Sylvania Shoe Mfg. Co.*, 15 F.3d 1222, 1226 (1st Cir. 1994)). The *Bell* decision relied on the First Circuit's holding in *Knapp Shoes* that "a statutory provision limiting damages to a fixed sum constitute[s] an affirmative defense for purposes of [Fed. R. Civ. P.] 8(c)." 15 F.3d at 1226.

Entered on the Docket: 3/21/2023     1     REC'D CUMB CLERKS OFC
MAR 21 '23 PM 1:28

Plaintiffs argue that because Defendant's counsel is employed by the same firm that represented O'Reilly Auto in *Bell*, Defendant should be charged with constructive knowledge of the ruling, which was issued eight months before the deadline to amend pleadings.

The standard for granting leave to amend the answer comes from M.R. Civ. P. 15, governing amended pleadings.[1] Rule 15 instructs the court to grant leave "freely ... when justice so requires." The cases cited by Plaintiffs apply to the Federal Rules of Civil Procedure, whereas the case at bar is governed by the Maine Rules. There is a colorable argument that Maine courts would not apply the holding in *Bell* under the Maine Rules. The court concludes that Defendant's delay in requesting this amendment was neither undue, caused by a lack of diligence, nor caused by bad faith. *Paul v. Town of Liberty*, 2016 ME 173, ¶ 9, 151 A.3d 924 (citing *Montgomery v. Eaton Peabody, LLP*, 2016 ME 44, ¶ 13, 135 A.3d 106). The amendment does not prejudice the Plaintiffs. The court concludes that justice requires that Defendant is allowed to amend its pleadings to avoid an unintentional waiver of the statutory cap. The court grants the motion to amend.

## (2) Motion for Summary Judgment

### Background

The following facts, undisputed unless otherwise noted, appear in the summary judgment record.

Defendant Riverbend Management, LLC ("Riverbend") operated the McDonald's restaurant franchise at 1208 Forest Avenue in Portland, Maine. Supp.'g S.M.F. ("SMF") ¶ 1. Plaintiff Tiffany Vargas is an individual of African-American, Portuguese, and Native American

---

[1] The court disagrees with Plaintiffs that Rule 16(a)(2) governs this motion for leave. Defendant is not asking the court to amend deadlines in the scheduling order but is asking for leave to make a single particular amendment to its answer.

heritage, and Plaintiff Erika Acevedo is a Dominican-born Latina. ¶¶ 2-3. Scott Lydick is owner and sole member of Riverbend, which took over the McDonald's franchise on Forest Avenue in 2011. ¶¶ 4, 6, 8. Lydick owns and operates a single McDonald's, which is Riverbend's only asset. ¶¶ 7, 9. The McDonald's location employs 37 people, who as employees review Riverbend's zero-tolerance policy for discrimination and harassment in the workplace. ¶¶ 10, 13.

Andrew Mosely was a crew member at the Forest Avenue McDonald's and was a manager-in-training. ¶¶ 19-20. As of August 16, 2020, he had been employed by Riverbend for 19 months and had worked beside Lydick during that time. ¶¶ 22-3. Mosely would staff the drive-thru, including taking and delivering customers' orders. ¶ 21. Prior to August 16, 2020, Riverbend had not received a complaint about Mosely's behavior from a customer or coworker and had no reason to question Mosely's character. ¶¶ 25-6.

Plaintiffs Vargas and Acevedo visited the McDonald's and purchased an iced coffee from the drive-thru window on August 16, 2020. In her many visits to the McDonald's Vargas had never been mistreated before. ¶¶ 30-1. At the pick-up window, Mosely handed Vargas, in the driver's seat, the iced coffee she had ordered. ¶¶ 28, 34. She asked for a separate cup of ice, and Mosely refused, stating she would have to get back in line because he could not take the other drinks "out of rotation." ¶¶ 35-7. Vargas asked for Mosely's name, and he replied "Bubba" and walked away from the pick-up window. ¶¶ 38-9. Within seconds, a second employee, Mohammed Muhee came to the window, gave Vargas a cup of ice, and told her that Mosely's name was "Andrew." ¶ 40. Vargas then pulled away from the window and stopped the car. ¶ 43. Mosely was outside delivering another order, and as he went back into the restaurant Vargas said to him, "Have a great day, Andrew." ¶¶ 42, 44. Mosely responded by yelling profanities at Plaintiffs, which Plaintiffs claim included a racial slur. ¶¶ 45-6; Opp. S.M.F. ("OSMF") ¶¶ 45-6

3

(qualifying the statements by specifying that Mosely yelled "Fuck you, niggers!"). Mosely went back into the restaurant and Vargas drove away. SMF ¶ 47. Vargas grew up with the understanding that a Caucasian's use of the word Bubba in relation to racial minorities refers to a slave master. OSMF ¶ 4.

Vargas spoke with a McDonald's corporate representative the following day and was informed that someone would reach out to her regarding her experience. SMF ¶¶ 48-9. Lydick learned of the occurrence on August 18, 2020 and forwarded the email to the general manager at his location. ¶¶ 50, 52. The same day, Lydick emailed Vargas and left her a voicemail, and he terminated Mosely's employment. ¶¶ 56-8, 60.[2]

On February 9, 2021 both Vargas and Acevedo filed complaints with the Maine Human Rights Commission, alleging discrimination based on race and national origin. SMF ¶¶ 62-3.

**Discussion**

1. Vicarious liability for race discrimination.

The parties dispute whether Riverbend is vicariously liable for the conduct of its employee who allegedly committed the discrimination – Andrew Mosely. Specifically, it disputes whether the public accommodations sections of the Maine Human Rights Act ("MHRA") should be read to assign liability to the public accommodation itself or instead to a discriminating employee.[3]

In the context of public accommodation discrimination, it is unlawful

[f]or any public accommodation or any person who is the owner, lessor, lessee, proprietor, operator, manager, superintendent, agent or employee of any place of public accommodation to ... discriminate against ... any person, on account of

---

[2] The court agrees with Plaintiffs that some of Defendant's statements of fact regarding the contents of an investigation rely on inadmissible hearsay, and to the extent they are not evidence of the type that would be admissible at trial, the court omits them from the record.
[3] Despite Plaintiffs' arguments, *Fuhrmann v. Staples the Off. Superstore E.*, 2012 ME 135, 58 A.3d 1083, does not govern the case at hand.

4

race or color, sex, sexual orientation or gender identity, age, physical or mental disability, religion, ancestry or national origin....

5 M.R.S. 4592(1). A person having experienced discrimination under the MHRA "may file a civil action in the Superior Court against the person or persons who committed the unlawful discrimination." 5 M.R.S. § 4621.[4]

Plaintiffs argue that respondeat superior liability exists under the public accommodation statutes. Defendant argues that the "person who committed the unlawful discrimination" was the employee and not the owner of the business. *See* § 4621. The court concludes based on the plain meaning of the MHRA that a public accommodation may be liable for the actions of its employees.

First, the court does not read the above statutes to abrogate the common law principles of agency, which courts presume remain intact unless clearly derogated. *Wilmington Sav. Fund Soc'y v. Needham*, 2019 ME 42, ¶ 16, 204 A.3d 1277; *see* Restatement (Third) of Agency § 7.03. Nothing in section 4592(1) indicates vicarious liability does not apply. Second, the statutory scheme clearly contemplates vicarious liability of employers. For example, section 4553(10)(E) states that in "determining whether a person is acting as an *agent or employee of another person so as to make such other person responsible for that person's acts*, the question of whether the specific acts performed were actually authorized or subsequently ratified is not controlling." (emphasis added). Section 4553(4) defines "employer" as including "any person acting in the interest of any employer, directly or indirectly, such that the person's actions are considered the

---

[4] "'Person' includes one or more individuals, partnerships, associations, organizations, corporations, municipal corporations, legal representatives, trustees, trustees in bankruptcy, receivers and other legal representatives, labor organizations, mutual companies, joint-stock companies and unincorporated organizations and includes the State and all agencies thereof." 5 M.R.S. § 4553(7).

actions of the employer for purposes of liability." These provisions in the definitions section apply to the whole MHRA.

Defendant also argues that because Mosely's discriminatory act was an intentional act, Riverbend should not be liable. The court could locate no law in Maine that states that vicarious liability does not extend to intentional discriminatory acts. Further, the MHRA expressly directs courts not to consider whether an employee's acts were "actually authorized or subsequently ratified" when it considers whether a person is acting as an agent, creating vicarious liability. *C.f.* Restatement (Third) of Agency § 7.03 (imposing liability where an agent acts with actual authority or a principal ratifies the agent's conduct). This language suggests that even acts outside the scope of employment may create employer liability. The court cannot conclude that operators of public accommodations are not liable for the actions of their employees as a matter of law. Therefore, the court denies the motion for summary judgment to the extent the claim is based on racial discrimination.

2. Gender discrimination.

Riverbend also argues that Plaintiffs are not entitled to a remedy for gender discrimination claims because they have not exhausted remedies with the Maine Human Rights Commission ("MHRC"). Although Plaintiffs did file a complaint with the MHRC based on the incident of alleged racial discrimination, Plaintiffs did not assert a claim based on gender discrimination. Pursuant to the MHRC:

> Attorney's fees under section 4614 and civil penal damages or compensatory damages and punitive damages under section 4613 may not be awarded to a plaintiff in a civil action under this Act unless the plaintiff alleges and establishes that, prior to the filing of the civil action, the plaintiff first filed a complaint with the commission . . .

5 M.R.S. § 4622.

The court could find no law on whether a plaintiff, after satisfying the requirement of filing before the MHRC on one form of discrimination, can expand the subsequent civil action to include a different form of discrimination, and recover civil penal damages, actual damages, or attorneys fees even though they failed to assert that theory before the MHRC. While there may be an argument to that effect, the Plaintiffs did not make it in their response to summary judgment. *See York Cnty. v. PropertyInfo Corp.*, 2019 ME 12, ¶ 13 n.4, 200 A.3d 803.

There was no reason for the Defendant to create a factual record on whether sex discrimination occurred because that was not the basis of its motion for summary judgment. The only fact at issue was whether the claim was asserted before the MHRC and that was admitted.

Therefore, the court concludes that section 4522 precludes any recovery for civil or compensatory damages for gender or sex discrimination. Because no other relief for gender discrimination is requested in the complaint,[5] the court dismisses any claim for gender discrimination as moot. *See Gordon v. Cummings*, 2000 ME 68, ¶¶ 11-12, 756 A.2d 942, 944-45 (although Section 4622 precludes only the recovery of damages but not the civil action itself, the action becomes moot because a decision on the merits would not afford the plaintiff any real or practical relief).

The court grants summary judgment to the extent Plaintiffs assert a claim based on gender or sex discrimination.

The entry is

> Defendant's Motion to Amend its Answer is GRANTED.
> Defendant's Motion for Summary Judgment is GRANTED IN PART and DENIED IN PART. Summary judgment on Plaintiffs' claim based on race is DENIED, but summary judgment on Plaintiffs' claim based on gender is GRANTED.

---

[5] The Plaintiffs do not allege gender discrimination at all. Because the Defendant raised the issue, the court rules on the motion as though they did.

7

The clerk is directed to incorporate this Order on the docket by reference. M.R. Civ. P. 79(a).

3/24/23
Date

Thomas R. McKeon
Justice, Maine Superior Court

8